UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VILLARD T. BOGARD,

    Petitioner,                                CASE NO. 2:09-13820
                                                    HONORABLE PAUL D. BORMAN

v.                                             UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

    Respondent.
_____/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS**

Villard T. Bogard, ("petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for three counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(b); and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the application for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

**I. BACKGROUND**

Petitioner was convicted of the above offenses following a jury trial in the Allegan County Circuit Court. Petitioner was also acquitted of an extortion count. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

    Defendant's convictions arose from repeated instances of sexual contact between

1

defendant and the then 14-year-old complainant, while defendant was residing with
the complainant and her mother. Defendant denied that he had sexual contact with
the victim.
*People v. Bogard,* No. 282393, * 1 (Mich.Ct.App. January 8, 2009).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 483 Mich. 1019; 765 N.W. 2d 323 (2009). Additional facts will be discussed when addressing petitioner's claims.

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. The giving of flight instruction was plain error and denied defendant a fair trial where the evidence did not support the inference that defendant fled from Allegan County to avoid detection or because of consciousness of guilt; defense counsel's failure to object constituted ineffective assistance of counsel.
>
> II. Defense counsel was constitutionally ineffective in failing to subpoena for trial the exculpatory witnesses that Appellant explicitly demanded and that were listed on the witness list.

## II.    STANDARD OF REVIEW

> 28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme

2

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. DISCUSSION

**A. The motions for appointment of counsel, to amend the habeas petition, for an evidentiary hearing, and to dismiss the case.**

Petitioner has filed motions for the appointment of counsel, to amend the petition for writ of habeas corpus, for an evidentiary hearing, and to dismiss the criminal charges against him.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Petitioner has filed a twelve page petition for writ of habeas corpus, in which he raises two claims for relief. Petitioner has also attached several exhibits to his petition. Petitioner has also filed a twelve page reply to the respondent's answer. Petitioner has also asked that his brief on his direct appeal to the Michigan Court of Appeals, which was prepared by counsel, be filed in support of his petition for writ of habeas corpus. [1] The Court is willing to incorporate the arguments raised in petitioner's brief on appeal to the Michigan Court of Appeals as part of petitioner's application for writ of habeas corpus. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2 (E.D. Mich. 2004). Because petitioner has the means and ability to raise his claims, the Court will deny the motion for the appointment of counsel [Dkt. # 5].

Petitioner has filed a motion to amend his petition for writ of habeas corpus.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

Petitioner's proposed amended habeas petition alleges additional support for the claims

---

[1] *See* Dkt. # 9.

that he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F.3d 86, 92 (3rd Cir. 1995). Additionally, the motion to amend the habeas petition [Dkt. # 6] will be granted, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in the petition. *See Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

Petitioner has also filed a motion for an evidentiary hearing. A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). For reasons that the Court will explain in greater detail, petitioner's claims are devoid of merit, therefore, he is not entitled to an evidentiary hearing on his claims. The motion for an evidentiary hearing [Dkt. # 7] is denied.

Petitioner has also filed a motion to dismiss the charges against him, based upon the provisions of the Uniform Commercial Code (U.C.C.).

Any reliance by petitioner on the Uniform Commerical Code (U.C.C.) in support of his motion to dismiss is without merit, because the U.C.C. is inapplicable to criminal proceedings. *See United States v. Humphrey,* 287 F. 3d 422, 435 (6th Cir. 2002); *United States v. Holloway,* 11 F. App'x. 398, 400 (6th Cir. 2001). Accordingly, the motion to dismiss [Dkt. # 14] is denied.

### B. Claim # 1. The flight instruction.

As part of his first claim, petitioner contends that the trial court erred in giving the jury an instruction on flight. [2]

---

[2] Respondent argues that petitioner's flight instruction claim is procedurally defaulted because he failed to object to the flight instruction. As part of his first claim, petitioner contends that counsel was ineffective for failing to object to the instruction. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue

The trial judge gave following instruction, which was based on CJI 2d 4.4:

There has been some evidence that the defendant left the State of Michigan after being charged with a crime and this matter was pending trial.

This evidence does not prove guilt. A person may run or hide for innocent reasons, such as panic, mistake, or fear. However, a person may also run or hide because of a consciousness of guilt.

You must decide whether the evidence is true, and, if true, whether it shows that the defendant had a guilty state of mind.
(Tr. 9/20/2007, pp. 100-01).

An erroneous jury instruction warrants habeas corpus relief only where the instruction " 'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (*quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). "'[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned', but that it violated some [constitutional] right'". *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (quoting *Cupp,* 414 U.S. at 146). A jury instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. *See Johnson v. Smith,* 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

Under Michigan law, flight is relevant to prove a defendant's consciousness of guilt. *Johnson v. Burke*, 903 F. 2d 1056, 1062 (6th Cir. 1990) (internal citations omitted). Thus, the giving of a flight instruction did not violate petitioner's due process rights or render the trial fundamentally unfair, particularly in light of the fact that the flight instruction directed jurors to

---

merges with an analysis of the merits of petitioner's defaulted claim, it would be easier to consider the merit of this claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). For the sake of clarity, the Court will address petitioner's claim that counsel was ineffective for failing to object to the instruction together with the ineffective assistance of counsel claim that petitioner raises in his second issue.

6

make their own determinations as to whether petitioner did, in fact, attempt to flee the scene and if so, what state of mind such flight evinced. *See Burton v. Renico,* 391 F. 3d 764, 778 (6th Cir. 2004); *See also U.S. v. Carter*, 236 F. 3d 777, 792, n. 11 (6th Cir. 2001)(not an abuse of discretion for the district court to give a flight instruction, though defendant may have had a reason to flee from officers other than guilt of the criminal charge, where the instruction stated that evidence of flight may or may not indicate a defendant's guilty conscience or intent to avoid punishment). Petitioner is not entitled to habeas relief on this claim.

### C. Claims # 1 and # 2. The ineffective assistance of counsel claims.

In his first and second claims, petitioner alleges that he was deprived of the effective assistance of trial counsel.

To prevail on his ineffective assistance of counsel claims, "Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984)." *Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first contends that his trial counsel was ineffective for failing to object to the flight instruction as given. In rejecting this claim, the Michigan Court of Appeals concluded:

> Here, trial counsel's decision to not challenge the flight instruction fell well within the realm of reasonable trial strategy. The police officer who interviewed complainant testified that defendant left Michigan in October of 2006, after his preliminary examination. The officer later received information from complainant about defendant's location. He stated that defendant was "found in Florida and brought back" in May of 2007.

7

> Defendant testified that he was released from jail. He alleged that he asked about the fact that he had charges pending against him, but was told that he was free to leave.³ Defendant thought that the charges had been dropped. He then moved to Florida. He initially maintained that he returned to Michigan voluntarily, but later admitted that he waived extradition in Florida.
>
> Given this evidence, as well as the prosecutor's questioning of defendant as to whether his sudden move to Florida was due to consciousness of guilt, and his own repeated denials, trial counsel's decision to not object to the instruction was objectively reasonable. While the instruction indicated that flight could reflect consciousness of guilt, it also stated that such evidence did not prove guilt and that a person might leave the state for innocent reasons. This fell squarely within defendant's claim that he believed that the charges against him had been dropped when he was inadvertently released from jail. Trial counsel reasonably could have concluded that the jury might view the instruction as providing a rationale to find that defendant's conduct was not necessarily indicative of guilt, and that this outweighed any negative inferences arising from the rather obvious fact that flight could also reflect consciousness of guilt. Defendant has not shown that trial counsel provided ineffective assistance.
>
> *Bogard,* Slip. Op. at * 2-3.

In the present case, there was some evidence which supported the giving of a flight instruction. More importantly, petitioner is unable to show that he was prejudiced by counsel's failure to object to the flight instruction, in light of the fact that the instruction directed the jurors to make their own determinations as to whether petitioner did flee the State of Michigan, and if so, what state of mind such flight evinced. *See Burton,* 391 F. 3d at 778-79 (failure of appellate counsel to challenge trial judge's instruction to the jury regarding flight was not ineffective, so as to excuse petitioner's default, given that the jury instruction directed jurors to make their own determinations as to whether defendant did in fact flee and if so, what state of mind such flight evinced, and moreover, the trial judge's decision to include an instruction regarding flight seemed to be based on evidence adduced at trial).

---

³ The parties agree that defendant was released from jail by mistake. (footnote original).

Petitioner next contends that his trial counsel was ineffective for failing to call Henry and Ricky Guiton as witnesses for the defense. Petitioner contends that the Guitons would testify the victim lived with them in Kalamazoo while her mother was in jail, which would have supported petitioner's testimony of the same. Petitioner further claims that the Guitons would have testified that the victim "lied to them and her parents about seeing Mr. Bogard." [4]

In rejecting petitioner's claim, the Michigan Court of Appeals noted:

> Here, defendant has failed to attach any offer of proof or any affidavits sworn by the proposed witnesses. Defendant has failed to demonstrate that the witnesses would have been available to testify at trial and that they would have offered exculpatory testimony. Under these circumstances, defendant has failed to rebut the presumption of sound trial strategy accorded trial counsel's decision to not subpoena the witnesses.
> *Bogard,* Slip. Op. at * 3.

Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of his claim, he is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner has offered no evidence, either to the Michigan courts or to this Court, beyond his own assertions as to what the content of these witnesses' testimony would have been. In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support his ineffective assistance of counsel claim. *See Clark v. Waller,* 490 3d 551, 557 (6th Cir. 2007).

In any event, both the victim and her father testified that the victim lived for six months

---

[4] *See* Defendant's Brief on Appeal, p. 15.

with the Guitons while her mother was in jail. (Tr. 7/19/2007, pp. 118-19; Tr. 9/20/2007, pp. 8-9). The alleged ineffectiveness of counsel in failing to call additional witnesses to testify about this same issue was not prejudicial to petitioner where this testimony would have been merely cumulative to the testimony of the witnesses who did testify and would have had less than a marginal effect required to establish reasonable doubt as to petitioner's guilt. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 607 (E.D. Mich. 2001) (*citing Ashker v. Class*, 152 F.3d 863, 874 (8th Cir. 1998)).

With respect to the Guitons' purported testimony that the victim had lied to them, the Court notes that the victim was extensively impeached at trial about inconsistencies between her preliminary examination and trial testimony, discrepancies about her descriptions about where, when, and how these sexual assaults had taken place, about her failure to inform her cousin, her grandmother, or her father about the sexual assaults, and about the fact that she had been mad at petitioner and her mother because they lost their place to live and had to go live with her aunt. (Tr. 9/19/2007, pp. 104-122, 127-28). Counsel also elicited testimony from petitioner's cousin, Jazmine Pritchett, that the victim had become angry with petitioner after a fight between the victim, her mother, and petitioner over a boy being in her room. (*Id.* at pp. 135-36). Counsel obtained admissions from the police officer in charge of the case that he was unable to obtain any physical evidence in this case because of the passage of time. (*Id.* at p. 161). Lastly, counsel elicited testimony from N. Debra Simms, an expert in sexual abuse who interviewed the victim, that the victim had a "non-specific" physical examination, i.e. that there were no findings of trauma. (*Id.* at pp. 186, 194). Simms further testified that when the victim's mother asked her if anything had happened between her and petitioner, she initially denied that

10

anything had taken place. When the victim changed her story, Simms testified that the victim's mother accused her of lying. (*Id.* at p. 192).

Undisclosed impeachment evidence is considered cumulative "when the witness has already been sufficiently impeached at trial.*" Davis v. Booker,* 589 F. 3d 302, 309 (6th Cir. 2009)(*quoting Brown v. Smith*, 551 F. 3d 424, 433-34 (6th Cir. 2008)). Because the victim's credibility already been impeached, petitioner was not prejudiced by counsel's failure to impeach the victim with cumulative impeachment evidence from the Guitons. *Id.* Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's

claims to be debatable or wrong. *Johnson,* 219 F. Supp. 2d at 885. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

IV. **CONCLUSION**

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further denies petitioner's motions for the appointment of counsel, for an evidentiary hearing, and to dismiss the case. [Dkts. # 5, 7, 14]. The Court grants petitioner's motion to amend the petition for writ of habeas corpus. [Dkt. # 6]. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

        S/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: September 7, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 7, 2010.

        S/Denise Goodine
        Case Manager